Hon. Sanford H. Levine University Counsel and Vice Chancellor for Legal Affairs State University of New York
This is in reply to your letter in which you ask for reconsideration of a prior opinion of the Attorney General dated November 8, 1973, concerning the right of retired State employees, reemployed by State University, to receive the full salary of their positions without diminution or suspension of their retirement allowances. Chancellor Boyer was advised at that time that by virtue of the amendment to Retirement and Social Security Law § 210 (f) enacted by L 1973, ch 812 "State University employment would be equivalent to any public employment", and State retirees-employed by the University would be "subjected to the diminution provided for in Retirement and Social Security Law § 211." I reaffirm that conclusion, but on a somewhat different basis.
Civil Service Law § 150 (added L 1932, ch 78) requires the suspension of pension and annuity allowances payable to retired public employees generally upon their reemployment in the civil service, except as otherwise provided in Retirement and Social Security Law §§ 101, 211
and 212 and certain other existing statutes, local laws and charters (as amended, L 1964, ch 803, §§ 5, 6).
Article 7 of the Retirement and Social Security Law was added by chapter 803 of the Laws of 1964, § 1, and provides inter alia for the reemployment of retired public employees in the civil service, without diminution of their retirement allowances upon a number of express terms and conditions. One of the conditions is that the reemployment is not in "a position in the service of a former employer" (Retirement and Social Security Law § 211 [1]). The term "former employer" was defined in Retirement and Social Security Law § 210 (f) and provided that "employment in the professional service of the state university * * * shall be deemed to be employment by an employer separate from the state". Thus, retired State employees could be employed by State University, under the terms and conditions set out in section 211, without diminution of their retirement allowances. This provision, making State University a separate employer, was deleted in the 1973 amendment (supra).
It is important to note, as you recognize in your letter, that Article 7 was a "temporary" enactment. Section 215 provided that the "privilege granted by this article" would expire on December 31, 1965. It was thereafter extended annually, by legislative action, until 1974. In that year, all existing temporary benefits were extended, temporarily, by the enactment of Retirement and Social Security Law § 480 (L 1974, ch 510) and have been so extended to the present time.
As you are aware, Article V, Section 7 of the New York State Constitution makes membership in any public pension system "a contractual relationship, the benefits of which shall not be diminished or impaired". However, the contractual relationship does not encompass statutory provisions which are clearly temporary, or renewable on a year-to-year basis. As Chief Judge Fuld wrote in Mtr. of C.S.D. #2, etc.v N.Y.S. Teachers Retirement System, 23 N.Y.2d 213 (1968) at page 232:
 "Following the enactment of the constitutional provision prohibiting reduction in pension benefits (N.Y. Const., Art V § 7), it has been customary for the Legislature to enact all new benefits on a year-to-year basis. The purpose of this is to permit the Legislature to subsequently change a provision which turns out to be unworkable. If the legislation were not on a year-to-year basis, it would be constitutionally impermissible to later make a change because of the vested rights acquired by the system's members. * * *"
Accordingly, the amendment of Retirement and Social Security Law §210 (f) in 1973 (L 1973, ch 812) which removed the provision making the State University and other State agencies separate employers for the purpose of Article 7, did not affect a permanent contractual right or benefit of the retirement system protected by the constitutional guarantee. In view of the foregoing, I do not believe it to be necessary at this time to reconsider the effect of recent decisions on the distinction, if any, between members of the system and retired persons as "beneficiaries".